NUMBER 13-08-00011-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

RICHARD PAUL TRAHAN AKA

RICHARD TRAHAN, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the Criminal District Court

of Jefferson County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion by Chief Justice Valdez
 On July 21, 2005, appellant, Richard Paul Trahan aka Richard Trahan, was indicted
on one count of murder, a first-degree felony. See Tex. Penal Code Ann. § 19.02 (Vernon
2003). The indictment alleged that Trahan used a deadly weapon during the murder, and
that he had previously been convicted for the offenses of delivery of a controlled substance
and aggravated assault. Trahan pleaded not guilty, and the case was tried to a jury. The
jury found Trahan guilty, determined that a deadly weapon was used in the murder, and
assessed punishment at life in prison. The trial court entered a judgment of conviction and
sentence according to the jury's verdict. Trahan's court-appointed appellate counsel has
filed an Anders brief. We affirm.

I. Anders Brief

 Pursuant to Anders v. California, 386 U.S. 738, 744 (1967), Trahan's
court-appointed appellate counsel has filed a brief with this Court, stating that his review
of the record yielded no grounds or error upon which an appeal can be predicated. 
Although counsel's brief does not advance any arguable grounds of error, it does present
a professional evaluation of the record demonstrating why there are no arguable grounds
to be advanced on appeal. See In re Schulman, 252 S.W.3d 403, 407 n.9 (Tex. Crim.
App. 2008) ("In Texas, an Anders brief need not specifically advance 'arguable' points of
error if counsel finds none, but it must provide record references to the facts and
procedural history and set out pertinent legal authorities.") (citing Hawkins v. State, 112
S.W.3d 340, 343-44 (Tex. App.-Corpus Christi 2003, no pet.)); Stafford v. State, 813
S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). 

 In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.]
1978), Trahan's counsel has carefully discussed why, under controlling authority, there are
no errors in the trial court's judgment. Counsel has informed this Court that he has: (1)
examined the record and found no arguable grounds to advance on appeal, (2) served a
copy of the brief and counsel's motion to withdraw on Trahan, and (3) informed Trahan of
his right to review the record and to file a pro se response within thirty days. (1) See Anders,
386 U.S. at 744; Stafford, 813 S.W.2d at 510 n.3; see also In re Schulman, 252 S.W.3d
at 409 n.23. More than an adequate period of time has passed, and Trahan has filed a pro
se response in which he challenges the legal sufficiency of the evidence supporting his
conviction and asserts that he was afforded ineffective assistance of trial and appellate
counsel. See In re Schulman, 252 S.W.3d at 409.

II. Independent Review

 Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. Penson v. Ohio, 488 U.S.
75, 80 (1988). We have reviewed the entire record, counsel's brief, and Trahan's pro se
response, and we have found nothing that would arguably support an appeal. See
Bledsoe v. State, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of
Anders briefs, by indicating in the opinion that it considered the issues raised in the briefs
and reviewed the record for reversible error but found none, the court of appeals met the
requirement of Texas Rule of Appellate Procedure 47.1."); Stafford, 813 S.W.2d at 509. 
Accordingly, we affirm the judgment of the trial court.

III. Motion to Withdraw

 In accordance with Anders, Trahan's attorney has asked this Court for permission
to withdraw as counsel for appellant. See Anders, 386 U.S. at 744; see also In re
Schulman, 252 S.W.3d at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80 (Tex.
App.-Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he
must withdraw from representing the appellant. To withdraw from representation, the
appointed attorney must file a motion to withdraw accompanied by a brief showing the
appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's
motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered
to send a copy of the opinion and judgment to Trahan and to advise him of his right to file
a petition for discretionary review. (2) See Tex. R. App. P. 48.4; see also In re Schulman, 252
S.W.3d at 412 n.35; Ex parte Owens, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006). 


 ________________________

 ROGELIO VALDEZ

 Chief Justice 

Do Not Publish. Tex. R. App. P. 47.2(b)

Memorandum Opinion delivered and 

filed this the 2nd_day of July, 2009. 
1. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the
rules of appellate procedure in order to be considered. Rather, the response should identify for the court
those issues which the indigent appellant believes the court should consider in deciding whether the case
presents any meritorious issues." In re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting
Wilson v. State, 955 S.W.2d 693, 696-97 (Tex. App.-Waco 1997, no pet.)).
2. No substitute counsel will be appointed. Should appellant wish to seek further review of this case
by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary
review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within
thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this
Court. See Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with this Court, after which
it will be forwarded to the Texas Court of Criminal Appeals. See Tex. R. App. P. 68.3; 68.7. Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate
Procedure. See Tex. R. App. P. 68.4.